

EXHIBIT A

VIRGINIA:

    IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

JUANITA POULSTON,

        Plaintiff,

v.

SHOE CARNIVAL, INC.
SERVE:  C. T. Corporation System, Registered Agent
         4701 Cox Road, Suite 285
         Glen Allen, VA  23060,

        Defendant

## COMPLAINT

    Comes now the plaintiff, Juanita Poulston, by counsel and demands judgment against Shoe Carnival, Inc. on the following grounds:

### Parties

1.    Juanita Poulston ("plaintiff"/"Poulston") is a resident of Chesterfield County Virginia, living at 6100 Jessup Road, N. Chesterfield Virginia 23234.

2.    Shoe Carnival, Inc. ("defendant"/ "Shoe Carnival") is a corporation qualified to do business in the State of Virginia.

3.    Shoe Carnival owns and operates a number of retail stores in the State of Virginia wherein it sells to the general public shoes, shoe products, and other clothing products.

4.    Shoe Carnival owns and operates stores in Chesterfield County, Virginia and Colonial Heights, Virginia.

### Facts

5.    On March 14, 2022, the plaintiff was a patron at defendant's store in Colonial Heights, Virginia located at 723 Southpark Boulevard.

6.    The defendant was offering shoes and various items of clothing accessories for sale which were being displayed on shelves and display tables.

7.    The plaintiff was observing merchandise on one of the display tables.

8.    The plaintiff rested one of her hands on the table.  When she placed weight on her hand, the table rolled away causing the plaintiff to fall to the floor.

9. As a result of the fall, the plaintiff broke her right femur and right hip socket.

10. The defendant negligently allowed the wheels at the end of the table in question to be used in an unlocked position.

11. The defendant knew or should have known that allowing the table leg wheels to be in an unlocked position created an unsafe condition.

12. The defendant had a duty to maintain its premises and its fixtures and furnishings in a safe condition.

13. The defendant violated this duty.

14. The defendant had a duty to warn its customers of an unsafe condition on the premises.

15. The defendant violated this duty, as there were no notices to the public warning of the condition of the table.

16. As a direct and proximate result of the defendant's negligence, the plaintiff suffered severe injuries to her person, both temporary and permanent, including but not limited to: a broken right femur requiring the installation of surgical hardware; suffered and continues to suffer pain; incurred numerous hospital, doctor and other medically related bills exceeding $235,000.00; suffered inconvenience, including lengthy inpatient hospital stays at Johnston-Willis Hospital and Lucy Corr Health Care Center; and has lost the general enjoyment of life.

17. As a result of the plaintiff's injuries caused by the defendant's negligence, the plaintiff received medical treatment and continues to receive treatment at or from the following care providers:

| Provider | Amount |
|---|---|
| Colonial Heights EMS | $     466.00 |
| Tri Cities Emergency Center | $ 11,308.00 |
| Emergency Coverage Corporation | $  1,733.00 |
| Radiology Associates | $      79.50 |
| Johnston-Willis Hospital | $200,272.00 |
| Commonwealth Anesthesia | $  2,919.00 |
| Lucy Corr Health Care Center | $ 10,173.04 |
| Integrity Home Health | $  7,590.03 |

18. Trial by jury is requested.

WHEREFORE, the plaintiff demands judgment against Shoe Carnival, Inc. in the amount of One Million Dollars ($1,000,000.00) plus interest from March 14, 2022 and court costs expended.

JUANITA POULSTON

By: *Randy B. Rowlett* (signature)

Randy B. Rowlett, Esq. (VSB #36438)
GORDON, DODSON, GORDON & ROWLETT
10303 Memory Lane, Suite 101
P. O. Box 130
Chesterfield, Virginia 23832
(804) 748-8153
(804) 748-3287 (Fax)
rrowlett@gordondodson.com
*Counsel for Plaintiff*

PLEASE TAKE NOTICE THAT THESE MATTERS ARE PENDING IN THE CIRCUIT COURT OF THE COUNTY OF CHESTERFIELD, VIRGINIA AND THAT AFTER THE EXPIRATION OF TEN DAYS AFTER THE DATE OF THIS NOTICE AND THE EXPIRATION OF THE STATUTORY PERIOD WITHIN WHICH YOU HAVE TO RESPOND TO THIS COMPLAINT, WITHOUT FURTHER NOTICE TO YOU, THE ENTRY OF A JUDGMENT BY DEFAULT AS PRAYED FOR IN THIS COMPLAINT MAY BE REQUESTED.

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

JUANITA POULSTON,

   Plaintiff,

v.                                                                          Case No. CL22003264-00

SHOE CARNIVAL, INC.,

   Defendant.

### DEFENDANT SHOE CARNIVAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Shoe Carnival, Inc. ("Shoe Carnival"), by counsel, and for its Answer to the Complaint filed against it herein states as follows:

### PARTIES

1. Upon information and belief, Shoe Carnival admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Shoe Carnival admits the allegations contained in Paragraph 2 of Plaintiff's Complaint. Shoe Carnival is an Indiana corporation with its principal place of business in Evansville, Indiana.

3. Shoe Carnival admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Shoe Carnival admits that it owns and operates a store in Colonial Heights, Virginia. As to the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, Shoe Carnival denies that it owns and operates any stores in Chesterfield County, Virginia, and demands strict proof thereof.

## FACTS

5. Shoe Carnival admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Shoe Carnival admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Shoe Carnival is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint; therefore, it denies those allegations and demands strict proof thereof.

8. Shoe Carnival denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as phrased and demands strict proof thereof. Shoe Carnival avers that Plaintiff attempted to sit on the edge of the table and/or place the entire weight of her body on the edge of the table by resting her backside on the edge of the table. Plaintiff's attempt to sit on the edge of the table caused the table to move, and Plaintiff thereafter fell to the ground.

9. Shoe Carnival is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, Shoe Carnival denies those allegations and demands strict proof thereof.

10. Shoe Carnival avers that Paragraph 10 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, Shoe Carnival denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, and demands strict proof thereof.

11. Shoe Carnival denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, and demands strict proof thereof.

12. Shoe Carnival avers that Paragraph 12 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Shoe Carnival denies the allegations contained therein and demands strict proof thereof.

13. Paragraph 13 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Shoe Carnival denies the allegations contained therein and demands strict proof thereof.

14. Paragraph 14 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Shoe Carnival denies the allegations contained therein and demands strict proof thereof.

15. Paragraph 15 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Shoe Carnival denies the allegations contained therein and demands strict proof thereof.

16. Shoe Carnival denies the allegations contained in Paragraph 16 of Plaintiff's Complaint, and demands strict proof thereof.

17. Shoe Carnival is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint; therefore, it denies those allegations and demands strict proof thereof.

18. Shoe Carnival joins in Plaintiff's request for jury trial.

19. Shoe Carnival denies the allegations contained in any and all of the unnumbered paragraphs of the Complaint, including but not limited to the introductory paragraph and the WHEREFORE paragraph.

20. Shoe Carnival denies all allegations not specifically admitted herein.

21. Shoe Carnival denies that it is liable to Plaintiff in any amount, for any cause whatsoever.

22. Shoe Carnival denies that it owed any duty to Plaintiff under the facts alleged.

23. Shoe Carnival denies that it breached any duty owed to Plaintiff.

24. Shoe Carnival denies that any act or omission on its part proximately caused injury or damage to Plaintiff.

25. Shoe Carnival avers that Plaintiff was herself guilty of negligence proximately causing or contributing to the incident sued upon.

26. Shoe Carnival avers that Plaintiff assumed the risk of injury at the time of the incident sued upon.

27. Shoe Carnival denies that Plaintiff was damaged in the amount and to the extent alleged.

28. Shoe Carnival reserves the right to rely upon any and all other properly provable defenses to this action and to amend this Answer at any time it be so advised.

WHEREFORE Defendant Shoe Carnival, Inc., by counsel, requests that the Complaint be dismissed with prejudice, and that it be awarded all costs and fees associated with its defense of this action.

SHOE CARNIVAL, INC.

By Counsel

_____  w/ permsn VSB 92491
John R. Owen (VSB No. 39560)
Julie S. Palmer (VSB No. 65800)
Jillian M. Smaniotto (VSB No. 91652)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jpalmer@hccw.com
jsmaniotto@hccw.com
*Counsel for Shoe Carnival, Inc.*

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent via U.S. mail and email this 24th day of October, 2022 to:

> Randy B. Rowlett, Esq.
> VSB No. 36438
> Gordon, Dodson, Gordon & Rowlett
> P. O. Box 130
> Chesterfield, VA 23832
> 804-748-8153 - Phone
> 804-748-3287 - Fax
> rrowlett@gordondodson.com

_____
Jillian M,. Smaniotto